**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

DINO PALADINO,

                           Plaintiff,       :    Case No. 07 Civ. 1579 (DRH)(ARL)

          v.

DHL EXPRESS (USA), INC. and
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS AIR FREIGHT CHAUFFEURS,
HANDLERS, WAREHOUSEMEN & ALLIED
WORKERS UNIONS NO. 295,

                    Defendants.    :
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
## DHL EXPRESS (USA), INC.'S MOTION FOR A BOND FOR COSTS ON APPEAL

THOMPSON WIGDOR & GILLY LLP

Scott B. Gilly
Ambika D. Ganesh
85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
sgilly@twglaw.com
aganesh@twglaw.com

*Counsel for Defendant DHL Express (USA), Inc*

## PRELIMINARY STATEMENT

DHL Express (USA), Inc. ("DHL") submits this memorandum of law in support of its motion pursuant to Fed. R. App. P. 7, requiring Plaintiff to post an appeal bond in an amount no less than $3,500. DHL has been forced to defend against Plaintiff's claims, which this Court has found lacking in any merit, and DHL to date has incurred and continues to incur significant costs and fees. Plaintiff's appeal lacks merit, is in bad faith and, absent the imposition of an appeal bond, DHL may be otherwise unable to obtain costs should it win the appeal. Accordingly, DHL's motion for a bond for costs should be granted in its entirety.

## STATEMENT OF FACTS

On April 17, 2007, Plaintiff Dino Paladino filed this suit against Defendants DHL and International Brotherhood of Teamsters Air Freight Chauffers, Handlers, Warehousemen & Allied Workers Union No. 295. This Court's March 26, 2010 Memorandum and Order thoroughly reviewed Plaintiff's allegations and granted summary judgment in favor of Defendants. (*See* Memorandum and Order dated March 26, 2010, Exhibit A.) The Court found that Plaintiff failed to establish a hybrid § 301 of the Labor Management Relations Act, 29 U.S.C. §185, and fair representation claim under the National Labor Relations Act, 29 U.S.C. §151 *et seq.*, against Defendants, and that Plaintiff failed to raise a genuine issue of material fact with regard to his discrimination claims brought against DHL pursuant to the New York State Human Rights Law. (*Id.*)

On April 17, 2010, Plaintiff filed a Notice of Appeal of the Court's March 26, 2010 Order. He moved *pro se* to proceed *in forma pauperis* with his appeal on May 5, 2010. In a Memorandum and Order, dated August 4, 2010, the Court denied Plaintiff's motion. (*See* Memorandum and Order dated August 4, 2010, Exhibit B.) The Court held that "Plaintiff failed

to present any ground for appeal" and noting that the motion was filed *pro se* further held that, "the Court [] nonetheless reviewed the record. After careful review . . . the Court finds that Plaintiff's claims lack merit and that there is no substantial question for review." (*Id.*)

However, despite the Court's Orders stating Plaintiff's claims lack merit, Plaintiff persists in pursuing this suit against Defendants which will only cause DHL to continue to incur unnecessary fees and costs. Under these circumstances, Plaintiff should be obligated to post a bond for DHL's expected costs on appeal.

## ARGUMENT

"Federal Rule of Appellate Procedure 7 provides that '[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal.'" *In re Currency Conversion Fee Antitrust Litig.*, No. 01 MDL 1409 (WHP), 2010 U.S. Dist. LEXIS 27605, *4 (S.D.N.Y. March 5, 2010) (quoting *Adsani v. Miller*, 139 F.3d 67, 70 (2d Cir.), *cert. denied* 525 U.S. 875 (1998)). "The purpose of this rule is to protect the appellee from the risk of nonpayment by the appellant, if the appellee wins the appeal." *Berry v. Deutsche Bank Trust Co. Ams.*, 632 F. Supp. 2d 300, 307 (S.D.N.Y. 2009) (citing *Adsani*, 139 F.3d at 70). In determining whether such a bond is appropriate in a particular case, a district court will generally consider: "1) the appellant's financial ability to post a bond; 2) the risk that the appellant would not pay appellee's costs if the appeal fails; 3) the merits of the appeal; and 4) whether the appellant has shown any bad faith or vexatious conduct. . . These factors, once again, are not exhaustive." *Watson v. E.S. Sutton, Inc.*, No. 02 Civ. 2739 (KMW), 2006 U.S. Dist. LEXIS 88415, *6-7 (S.D.N.Y. December 6, 2006). In light of Plaintiff's motion to proceed *in forma pauperis* and this Court's holding, after "careful review," that "Plaintiff's claims lack merit" and "there is no substantial question for

2

review," DHL requests that Plaintiff post a bond to cover DHL's costs on appeal, which DHL

may otherwise be unable to recoup after winning the appeal.

## I.      Plaintiff has the ability to post a bond but likely will not pay DHL's costs if he loses the appeal.

Plaintiff states in his declaration in support of his motion to proceed *in forma pauperis*

that he is unable to pay or give security for fees, he is unemployed and is receiving Social

Security Disability benefits, his wife is unemployed, he lost his home due to foreclosure and is

currently residing with his parents. (*See* Declaration of Dino Paladino, dated May 3, 2010,

Exhibit C.)  Plaintiff's October 1, 2010 letter to the Court also states that "requiring the posting

of a bond would likely result in an insurmountable barrier to plaintiff's ability to proceed with

his appeal." (Exhibit D.)  However, despite Plaintiff's claims of financial hardship, after the

Court denied Plaintiff's motion for *in forma pauperis* relief, he paid the filing fee on August 30,

2010.  In addition, Plaintiff has found the means to fund this litigation for over three years.

To the extent that Plaintiff is attempting to raise an argument that a bond order pursuant

to Fed. R. App. P. 7 imposes an unconstitutional burden on his right to appeal, this argument

fails as, "[o]nce established, the right to appeal [] may be limited by statute requiring, for

instance, the posting of security for 'expenses . . . incurred' on appeal without offending

principles of Equal Protection or Due Process fairness." *Adsani*, 139 F.3d at 77 (internal

citations omitted.)  Furthermore, "[Plaintiff's] alleged inability to pay does not weight [sic] in

favor of denial of a bond, [] the Court will consider this fact in fixing the amount." *Berry*, 632 F.

Supp. 2d at 307.

Plaintiff's attempt to avoid paying the fees on his appeal, by filing an *in forma pauperis*

*motion*, and then only paying the fees when faced with dismissal of the appeal, establishes that

3

there is a significant risk that, absent the imposition of a bond, DHL will be unable to obtain the costs it will incur should it win the appeal.

## II.     Plaintiff's appeal lacks merit.

"'A district court, familiar with the contours of the case appealed, has the discretion to impose a bond which reflects its determination of the likely outcome of the appeal.'" *In re Initial Pub. Offering Secs. Litig.*, 2010 U.S. Dist. LEXIS 62968 at *7, n.11 (quoting *Adsani*, 139 F.3d at 79). On March 26, 2010, this Court granted Defendants' motions for summary judgment and several months later, after "careful review" of the record, still found that "Plaintiff's claims lack merit" and that "there is no substantial question for review." (*See* Exhibits A, B.) Furthermore, Plaintiff, to this day, has failed to raise any viable ground for appeal, and while his October 1, 2010 letter to the Court states he "look[s] forward to persuading the Court" that the appeal has "substantial and meritorious grounds for review," he failed to list, let alone establish, those grounds. (Exhibit D.)  For these reasons, the Court should grant DHL's motion for a bond pursuant to Fed. R. App. P. 7.

## III.    Plaintiff's appeal is taken in bad faith.

Despite the Court's ruling, on two separate occasions, that Plaintiff's claims are without merit, he persists on appealing to the Second Circuit.  While Plaintiff has little to lose for his litigiousness, his appeal will force DHL to incur unnecessary costs, on top of the costs and fees it has already incurred in defending this unfounded action.  Therefore, DHL requests the modest relief of a bond in the amount of $3,500 to secure the costs it will incur on appeal.

## IV.     DHL's request for a bond is reasonable.

"It is within the district court's discretion to determine the amount and nature of the bond. . . . Fixing the amount of a Rule 7 bond may include taxable costs enumerated in Rule 39(e) of

4

the Federal Rules of Appellate Procedure, such as photocopying, printing, binding, filing, and service as well as the cost of the preparation and transmission of the record." *In re Initial Pub. Offering Secs. Litig.*, 2010 U.S. Dist. LEXIS 62968 at \*6-7. At a minimum, the estimated pre-tax cost for printing, binding, filing and service of Appellee's Brief will amount to approximately $610. (Exhibit E.) In addition, DHL may be obligated to pay for parts of the Appendix. *See* Fed. R. App. P. 30 ("If the appellant considers parts of the record designated by the appellee to be unnecessary, the appellant may advise the appellee, who must then advance the cost of including those parts. The cost of the appendix is a taxable cost.") Therefore, DHL estimates the pre-tax cost of printing, binding, filing and service of its portions of the Appendix to amount to no less than $2,497. (Exhibit F.) For these reasons, DHL's request for a bond in the amount of $3,500 is reasonable. *See RBFC One, LLC v. Zeeks, Inc.*, No. 02 Civ. 3231 (DFE), 2005 U.S. Dist. LEXIS 19148 (S.D.N.Y. September 1, 2005) (ordering plaintiff to post a Rule 7 bond for $5,000 to cover costs, not inclusive of attorneys' fees); *In re Currency Conversion Fee Antitrust Litig.*, 2010 U.S. Dist. LEXIS 27605 at \*8 (given voluminous record and nine appellants involved, the court ordered appellants to post $50,000 appeal bond for costs). Thus, DHL's requested bond in the amount of $3,500 is reasonable and should be granted.

5

## CONCLUSION

For the reasons set forth above, DHL respectfully requests that its motion for a bond for costs on appeal pursuant to Fed. R. App. P. 7 in an amount no less than $3,500 be granted in its entirety.

Dated: New York, New York
October 26, 2010

Respectfully submitted,

THOMPSON WIGDOR & GILLY LLP

By: _____
Scott B. Gilly
Ambika D. Ganesh

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
sgilly@twglaw.com
aganesh@twglaw.com

*Counsel for Defendant DHL Express (USA), Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 27th day of October 2010, I caused a true and correct copy of

Defendant DHL Express (USA), Inc.'s Notice of Motion for a Bond for Costs of Appeal,

Memorandum of Law in Support of Defendant DHL Express (USA), Inc.'s Motion, and

Declaration of Scott B. Gilly in support of Defendant DHL Express (USA), Inc.'s Motion to be

served by first class mail upon the following:

Michael G. O'Neill, Esq.
Law Office of Michael G. O'Neill
30 Vesey Street, 3rd Floor
New York, New York  10007

*Counsel for Plaintiff Dino Paladino*

Joshua S.C. Parkhurst, Esq.
Cary Kane LLP
1350 Broadway, Suite 815
New York, New York  10018

*Counsel for Defendant International
Brotherhood of Teamsters Air Freight
Chauffeurs, Handlers, Warehousemen & Allied
Workers Union No. 295*

Ambika D. Ganesh

7