UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DINO PALADINO,                                            :
                                                          :
                        Plaintiff,                  :      Case No. 07 Civ. 1579 (DRH)(ARL)
                                                          :
        v.                                                :
                                                          :
DHL EXPRESS (USA), INC. and                               :
INTERNATIONAL BROTHERHOOD OF                              :
TEAMSTERS AIR FREIGHT CHAUFFEURS,                         :
HANDLERS, WAREHOUSEMEN & ALLIED                           :
WORKERS UNIONS NO. 295,                                   :
                                                          :
                        Defendants.                 :
------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT
DHL EXPRESS (USA), INC.'S MOTION FOR A BOND FOR COSTS ON APPEAL**

THOMPSON WIGDOR & GILLY LLP

Scott B. Gilly
Ambika D. Ganesh
85 Fifth Avenue
New York, NY 10003
Telephone:  (212) 257-6800
Facsimile:   (212) 257-6845
sgilly@twglaw.com
aganesh@twglaw.com

*Counsel for Defendant DHL Express (USA), Inc*

**PRELIMINARY STATEMENT**

DHL Express (USA), Inc. ("DHL" or the "Company"), respectfully submits this Reply Memorandum of Law in further support of its motion pursuant to Fed. R. App. P. 7, requiring Plaintiff to post an appeal bond in an amount no less than $3,500. Plaintiff's Declaration and Memorandum of Law in Opposition to Defendant's Motion for a Bond for Cost on Appeal ("Plaintiff's Opposition") raises arguments that are either irrelevant or contrary to controlling legal authority. His conclusory statements fail to demonstrate the inability to post a bond or that the bond amount is unreasonable. In addition, Plaintiff fails to establish that he would pay the taxable costs to DHL should it win on appeal or that his appeal has any merit. For these reasons, the Court should grant DHL's motion for a bond for costs on appeal.

**ARGUMENT**

**I.   PLAINTIFF HAS NOT ESTABLISHED AN INABILITY TO POST A BOND**

Plaintiff summarily states that he is "not in any financial position to post the bond requested by defendant." (Mem. in Opp'n at 4.) However, Plaintiff fails to include any affidavits or supporting documentation establishing his inability to post a bond. Instead, Plaintiff relies solely on his financial affidavit filed in support of his motion to proceed *in forma pauperis* on appeal, which was filed over seven months ago on May 3, 2010. (O'Neill Decl.¶3; Exhibit C.)[1] However, allegations of an inability to pay, without supporting documentation, do not weigh in favor of denial of a bond. *See Berry v. Deutsche Bank Trust Co. Ams.*, 632 F. Supp. 2d 300, 306 (S.D.N.Y. 2009) (refusing to accept "*ipse dixit*" plaintiff's unsubstantiated assertions of "living on the edge with only $426.16 in his bank account, and several 'old' bank accounts each containing less than $100"); *In re Initial Pub. Offering Secs. Litig.*, No. 21 MC 92

---

[1] References are to exhibits attached to the declarations of Scott B. Gilly.

(SAS), 2010 U.S. Dist. LEXIS 62968, *8-9 (S.D.N.Y. June 18, 2010)("the Objectors have not presented any evidence demonstrating that they lack the financial ability to post a bond. Accordingly, the Objectors' ability to do so is presumed") (citing *Adsani v. Miller*, 139 F.3d 67, 70 (2d Cir. 1998) ("without any showing of [] financial hardship, the bond imposed on [Plaintiff] is not an impermissible barrier to appeal . . . ."); *In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, No. 02 Civ. 5575 (SWK), 2007 U.S. Dist. LEXIS 69510, *2 (S.D.N.Y. Sept. 20, 2007) (concluding that appellant was not arguing that it lacked financial ability to post bond where it did not submit financial documentation).

Plaintiffs' counsel submits a declaration stating that Plaintiff's financial situation has remained unchanged for the last seven months. (O'Neill Decl. ¶3.) However, his declaration then proceeds to make representations concerning Plaintiff's health, loss of Medicaid, and extraneous expenses Plaintiff has recently incurred, without producing any documentation to support his statements. (*Id.* ¶¶ 4-6.) These assertions, which are not based on first hand knowledge and are made without any supporting documentation, fail to substantiate an inability to pay. *See Baker v. Urban Outfitters, Inc.*, No. 01 Civ. 5440 (LAP), 2006 U.S. Dist. LEXIS 90120, *2 (S.D.N.Y. Dec. 8, 2006) (plaintiff's attorney's submissions "are not attached to an affidavit, and, perhaps more importantly [Plaintiff's attorney] does not submit an affidavit to the effect that the balances shown on the documents are accurate and that [Plaintiff] has no other assets or interests which could be used to obtain a bond. Accordingly, Plaintiff and his counsel have not demonstrated financial inability to post a bond as security for costs.") Furthermore, assertions by attorneys, without any support for those statements "are thus little better than allegations in the complaint." *LaBarbera v. Rockwala Inc.*, No. 06 Civ. 6641 (CPS)(VVP), 2007 U.S. Dist. LEXIS 99438, *10 (E.D.N.Y. Sept. 10, 2007); *see generally Bd. of Trs. of the United*

*Union of Roofers v. Dana Restoration, Inc.*, No. 09 Civ. 1076 (RRM) (ALC), 2010 U.S. Dist. LEXIS 103211 (E.D.N.Y. Sept. 14, 2010) ("The absence of an affidavit by a person with actual knowledge of the facts, supported by appropriate documentation, deprives the court of the ability to make an independent assessment of the damages to be awarded.").

As the above case law establishes, courts have rejected a financial hardship claim that relies solely on conclusory assurances, particularly when based upon an attorney's statements, lacking personal knowledge of the facts asserted. Therefore, Plaintiff's counsel's representations fail to establish that Plaintiff has no other assets or interests which could be used to obtain a bond and Plaintiff should therefore be obligated to post a bond for DHL's expected costs on appeal. To the extent the Court finds that Plaintiff is financially limited (despite the absence of evidence), the proper response under the case law is not to deny DHL's motion for a bond, but rather to consider it in fixing the amount of the bond. *Berry*, 632 F. Supp. 2d at 306.

## II.   THE BOND AMOUNT IS REASONABLE

While Mr. O'Neill concedes that Defendant is seeking a "modest bond" (O'Neill Decl. ¶2), he nevertheless still argues that DHL's estimate is "exaggerated" (*Id.* at n.1). DHL's estimate of the costs on appeal is based on the size of its record for the summary judgment motion. A review of Plaintiff's Pre-Argument Statement filed with the Court of Appeals for the Second Circuit clearly illustrates that Plaintiff has failed to narrow any of the issues raised during

summary judgment. (*Compare* Addendums to Pre Argument Statement, Exhibit G,[2] *with* Memorandum of Law in Opposition to Defendants' Motions for Summary Judgment, Docket entry 57 at 4.[3]) In addition, Plaintiff's Opposition does little to narrow the issues Plaintiff will raise on appeal. Instead, Plaintiff re-alleges that DHL knew of his disability and wrongfully terminated him pursuant to the New York Executive Law, lists what he believes are material issues of fact, and states "[i]n addition to the fact based arguments made above, plaintiff will argue on appeal that the Court erred by not applying the correct standard from controlling state law." (Mem. in Opp'n at 8.) As Plaintiff will be making the same arguments on appeal that he made in this Court, plus an additional argument that this Court erred in its legal analysis, DHL's estimate of its costs on appeal is far from "exaggerated."

Furthermore, Plaintiff does not cite to any case law supporting his argument that DHL seeks an "exaggerated" bond amount. Instead, Plaintiff's counsel states that it is "mere

---

[2] Addendum A to the Pre-Argument Statement states in relevant part:

> Plaintiff alleges that DHL violated the New York State Executive Law by terminating plaintiff for conduct that it knew was caused by a disability. Plaintiff alleges that the Union breached it [sic] duty to plaintiff by refusing to take to arbitration DHL's termination of employment, which could not have been upheld under the collective bargaining agreement. Plaintiff alleges that DHL violated the collective bargaining agreement when it terminated plaintiff's employment.

Addendum B to the Pre-Argument Statement lists one issue: "Did the lower court properly grant the defendants' motions for summary judgment."

[3] Plaintiff's preliminary statement states in relevant part:

> "The termination of plaintiff's employment by DHL . . . violates both the New York State Executive Law as well as the terms of the collective bargaining agreement governing plaintiff's employment by DHL. The refusal by Local 295 to arbitrate this termination violates its duty of fair representation owed to plaintiff."

4

speculation" that DHL will have to supplement the appendix. (O'Neill Decl. ¶10.) However, he then shortly thereafter argues that the parties should limit the size of the appendix and insinuates that DHL may unnecessarily designate parts of the record. (*Id.* ¶11.) Plaintiff's insinuation is both inappropriate and without merit as it would clearly be against DHL's interest to drive up costs of this appeal or purposefully disregard the Federal Rules of Appellate Procedure.[4] Furthermore, Plaintiff fails to acknowledge that should the Court award Defendant with a bond for costs, this amount will be returned to him should he win the appeal. Therefore, "any risk" to losing the $3,500 amount imposed by a Rule 7 bond was "assumed [by Plaintiff] when [he] filed [his] notice of appeal." *In re Initial Pub. Offering Secs. Litig.*, 2010 U.S. Dist. LEXIS 64348 at *6.

### III. PLAINTIFF HAS DEMONSTRATED A LIKELIHOOD OF NOT PAYING COSTS TO DHL

Plaintiff argues that "Defendant has not asserted any basis to believe that plaintiff would refuse to answer for costs." (Mem. in Opp'n at 5.) However, DHL has stated that Plaintiff's delay in filing the fees for his appeal only when faced with dismissal of the appeal raises a strong risk of nonpayment, should DHL win the appeal. (Mem. in Support at 3.) While Plaintiff has

---

[4] Plaintiff makes other baseless statements, e.g. that this motion is contrary to DHL's interests (O'Neill Decl. ¶2) and DHL is preventing Plaintiff from pursuing the appeal (*id.*). While these irrelevant statements lack merit and have no bearing on the present motion, DHL briefly addresses them on principle. DHL is not "preventing" Plaintiff's appeal. As clearly stated throughout the motion papers, DHL seeks to recoup some of the costs it will incur in briefing this appeal, which even Plaintiff acknowledges that DHL has every right to do. (*See id.* ¶2 ("DHL has every right to seek the bond.")) DHL did not oppose Plaintiff's motion to proceed *in forma pauperis* with his appeal. Plaintiff's motion to proceed *in forma pauperis* was denied by the Court due to that motion's own inadequacies. (*See* Exhibit B ("Given that Plaintiff has failed to present any ground for appeal, there is no basis for the Court to grant *in forma pauperis* status for appeal purposes.")) Moreover, Plaintiff could have moved for reconsideration, or he could have moved for *in forma pauperis* relief with the Second Circuit, but he neglected to do any of these things and can not now attempt to attribute bad faith to DHL for moving to obtain the costs it may otherwise never recoup should it win on appeal.

5

not explicitly stated he will not pay DHL's costs, he has also failed to explicitly state that he *will* pay DHL's costs. *See Berry,* 632 F. Supp. 2d at 307 (S.D.N.Y. 2009) ("[Plaintiff] admits that he . . . likely will not pay any fee award obtained by Defendants in this action. Accordingly, there is substantial risk of nonpayment.").

Furthermore, Plaintiff's counsel has advised the Court that Plaintiff owes money to his sister and owes Plaintiff's counsel's firm "thousands in litigation expenses." (O'Neill Decl. ¶¶8, 9.) Courts factor in prior debts in their analysis of an appellant's risk of non-payment of appeal costs. *See RBFC One, LLC v. Zeeks, Inc.*, No. 02 Civ. 3231 (DFE), 2005 U.S. Dist. LEXIS 19148, 4-5 (S.D.N.Y. Sept. 1, 2005) (finding risk of nonpayment where plaintiff had no income for years, its sole asset was the lawsuit, it still owed over $32,000 in debt, and it had sole discretion on whether to make payment for costs if it lost on appeal); *Watson v. E.S. Sutton, Inc.*, 02 Civ. 2739 (KMW), 2006 U.S. Dist. LEXIS 88415 (S.D.N.Y. Dec. 6, 2006) ("Defendant's statement that it intended to file for bankruptcy creates a particular concern that Defendant will not pay Plaintiff's costs.") Therefore, there is a significant risk that, absent the imposition of a bond, DHL will be unable to obtain the costs it will incur should it win the appeal.

### IV. PLAINTIFF'S APPEAL LACKS MERIT

Plaintiff erroneously argues that the Court applied the wrong standard in determining that Plaintiff's appeal lacks merit and then spends pages of his memorandum reiterating arguments raised in his Opposition to Summary Judgment. (Mem. in Opp'n at 5-8.) In support of his argument, Plaintiff quotes the Supreme Court's discussion in *Coppedge v. United States*, 369 U.S. 438 (1962) as stating the correct standard of review. However, Plaintiff's quote, taken out of context, pertains to criminal, not civil, appeals. *Coppedge,* 369 U.S. at 448. The Supreme Court stated that a criminal appeal is "a matter of right" and that there should be equality in

6

screening criminal appeals in paid and pauper cases by the Court of Appeals. *Id.* While courts, in their analysis of *in forma pauperis* relief in civil appeals, have recognized the objective standard set forth in *Coppedge*, they have not blurred the distinction between civil and criminal appeals as Plaintiff does here. *See Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("[t]o determine whether the appeal is taken in good faith, a court must consider the objective merits of the appeal." (citing *Linden v. Harper & Row Publishers*, 490 F. Supp. 297, 300 (S.D.N.Y. 1980) (extending the objective standard set forth in *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) to the civil context)). "The objective standard of good faith is not met where a party seeks appellate review of a frivolous claim." *Webadviso v. Bank of Am. Corp.*, No. 09 Civ. 5769 (DC), 2010 U.S. Dist. LEXIS 37791 (S.D.N.Y. Apr. 8, 2010) (citing *Coppedge v. United States*, 369 U.S. at 445 (1962) ("We consider a defendant's good faith . . . demonstrated when he seeks appellate review of any issue not frivolous.").

This Court, in its analysis, utilized an "objective standard" to decide whether Plaintiff's appeal was "frivolous." (Exhibit B at 2.) After applying the correct standard of review, this Court stated

> . . . given Plaintiff's *pro se* status on the instant application, the Court has nonetheless reviewed the record. After careful review, and for the reasons stated in the Court's March 26, 2010 Memorandum and Order, the Court finds that Plaintiff's claims lack merit and that there is no substantial question for review.

Therefore, Plaintiff's argument that his appeal has merit because the Court utilized the wrong standard of review fails as a matter of law. Furthermore, the Court *sua sponte* reviewed the entire record for a non-frivolous argument and again found that Plaintiff's claims lack merit.

## CONCLUSION

For the reasons set forth above, as well as those set forth in its moving papers, DHL respectfully requests that its motion for a bond for costs on appeal pursuant to Fed R. App. P. 7, in an amount no less than $3,500, be granted.

Dated: New York, New York
December 6, 2010

Respectfully submitted,

THOMPSON WIGDOR & GILLY LLP

By: _____
Scott B. Gilly
Ambika D. Ganesh

85 Fifth Avenue
New York, NY 10003
Telephone:  (212) 257-6800
Facsimile:   (212) 257-6845
sgilly@twglaw.com
aganesh@twglaw.com

*Counsel for Defendant DHL Express (USA), Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that, on this 6th day of December 2010, I caused a true and correct copy of Defendant DHL Express (USA), Inc.'s Reply Memorandum of Law in Further Support of Defendant DHL Express (USA), Inc.'s Motion for a Bond for Costs on Appeal, and Declaration of Scott B. Gilly in Further Support of Defendant DHL Express (USA), Inc.'s Motion for a Bond for Costs on Appeal to be served by first class mail upon the following:

Michael G. O'Neill, Esq.
Law Office of Michael G. O'Neill
30 Vesey Street, 3rd Floor
New York, New York  10007

*Counsel for Plaintiff Dino Paladino*

Joshua S.C. Parkhurst, Esq.
Cary Kane LLP
1350 Broadway, Suite 815
New York, New York  10018

*Counsel for Defendant International Brotherhood of Teamsters Air Freight Chauffeurs, Handlers, Warehousemen & Allied Workers Union No. 295*

_____
Ambika D. Ganesh

9