**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------

| | |
|---|---|
| Dino Paladino, | ] |
| Plaintiffs, | ] CV-07-1579 (DRH)(ARL) |
| - against - | ] |
| DHL Express (USA), Inc. and International Brotherhood Of Teamsters Air Freight Chauffers, Handlers, Warehousemen Allied Workers Union No. 295, | ] DECLARATION IN OPPOSITION |
| Defendants. | ] |

------------------------------------------------

Michael G. O'Neill declares under penalty of perjury that the following statements are true to the best of his knowledge, information, and belief:

1. I am the attorney for the plaintiff in the within action. I submit this declaration in opposition to the motion of defendant DHL for an order requiring plaintiff to post a bond for costs in connection with his appeal of the Court's dismissal of his action on summary judgment.

2. The relief sought by DHL is exceedingly rare. I have been admitted to the Second Circuit since 1985 and I have prosecuted many appeals to it, and this is the first time in my experience any party has sought a bond for costs. Given the relatively modest bond being sought, one must question whether there is any economic sense whatsoever to the motion, for surely it must cost DHL that much to procure the bond. I fully acknowledge that DHL has every right to seek the bond, but when a corporate party acts in a way that is seemingly contrary to its own economic interest, one must query whether there is not some other objective. In this case, I submit that DHL's objective is not to protect itself against the costs of the appeal (which are even less than

the modest amount sought by DHL), but to prevent plaintiff from pursuing the appeal at all.

3. Plaintiff submitted his financial affidavit in support of his motion to proceed on appeal in forma pauperis. It is attached to defendant's moving papers. I spoke to plaintiff today, and he advised me that his financial situation has not changed since he submitted that affidavit.

4. I would like to let the Court know a little more about plaintiff's current situation. He is currently totally disabled because of his depression. Since being terminated by DHL, he has been hospitalized four times because of suicide attempts. Until a few months ago, his medical treatment was being paid for by Medicaid, but that has been discontinued, and he is being treated by a local hospital three times a week as a charity case until he qualifies for Medicare.

5. Plaintiff's wife and children live in Arizona. She is unemployed and living on the money that plaintiff sends from his disability check and food stamps. He has not seen his own children for over a year because he cannot afford the cost of travel to Arizona.

6. Plaintiff lives with his parents and pays them $500 a month for room and board. Any little money that plaintiff is able to save is held for emergencies. For example, plaintiff advises me that his wife's car has just broken down, which will deplete the little savings that he has accumulated.

7. In urging the Court that plaintiff can afford to post the bond that it seeks, it points to the fact that plaintiff managed to pay the filing fee for his appeal after

the Court denied his application to proceed in forma pauperis. Defendant also notes that plaintiff has been able to "fund this litigation" for over three years. Neither assertion has any merit.

8. The Court's denial of plaintiff's application to proceed in forma pauperis was not because he did not qualify financially. Plaintiff paid the filing fee by borrowing about $250 from his sister, which to this date he has not repaid. Of course, for somebody living so close to the edge, the different between $455 and $3,500 is huge.

9. Defendant's statement that plaintiff has "funded" this litigation is simply conjecture. As a point in fact, plaintiff has paid no fees to my firm, and he owes thousands in litigation expenses. I have carried plaintiff because I believe strongly in his case and because I take seriously the ethical obligation to provide legal services to those who cannot afford to pay.

10. In assessing plaintiff's ability to post a bond for costs, the Court should take into consideration that plaintiff must bear his own costs of the appeal. Of the $3,500 requested by defendant, the lion's share, almost $2,500, is for the cost of the joint appendix.[1] Plaintiff, however, not defendant, must prepare and file the joint appendix. Defendant is assuming that it will want to supplement the appendix prepared by plaintiff, but that is mere speculation at this point.

11. The appellate rules encourage the parties to limit the size of the appendix. FRAP 30(b)(1) expressly cautions that "[t]he parties must not engage in

---

[1] Furthermore, defendant's estimate of a 65 page brief is exaggerated.

unnecessary designation of parts of the record, because the entire record is available to the court."

12.     In addition, Local Rule 30.1(c) permits the parties to file a deferred appendix, which would greatly reduce the cost of the appendix. Plaintiff is willing to stipulate to file the appeal using the deferred appendix method.

Dated: November 11, 2010

*[signature]*

_____
Michael G. O'Neill