UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DINO PALADINO,

                            Plaintiff,                             **ORDER**
     -against-                                           07 CV 1579  (DRH) (ARL)

DHL EXPRESS (USA), INC., and
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS AIR FREIGHT CHAUFFERS,
HANDLERS, WAREHOUSEMEN & ALLIED
WORKERS UNION NO. 295,

                            Defendants.
----------------------------------------------------------X
**APPEARANCES:**

**LAW OFFICE OF MICHAEL G. O'NEILL**
Attorneys for Plaintiff
30 Vesey Street
Suite 301
New York, New York 10007
By:    Michael G. O'Neill, Esq.
        Kosta Kollef, Esq.

**THOMPSON, WIGDOR & GILLY LLP**
Attorneys for Defendant DHL Express (USA), Inc.
85 Fifth Avenue
New York, New York 10003
By:    Scott Browning Gilly, Esq.
        Andrew Scott Goodstadt, Esq.

**HURLEY, Senior District Judge:**

       Before the Court is a motion by defendant DHL Express (USA), Inc. ("Defendant" or "DHL") for an order directing plaintiff Dino Paladino ("Plaintiff") to post a bond in the amount of $3,500 pursuant to Rule 7 of the Federal Rules of Appellate Procedure. For the reason set forth below, Defendant's motion is granted.

## I.     *Legal Standard*

Rule 7 of the Federal Rules of Appellate Procedure provides that in "a civil case, the district court may require an appellant to file a bond . . . to ensure payment of costs on appeal." Fed. R. App. P. 7.  The objective of Rule 7 is to "protect an appellee from the risk of nonpayment by the appellant, if the appellee wins the appeal." *In re Currency Conversion Fee Antitrust Litig.*, 2010 U.S. Dist. Lexis 27605, *2-3 (S.D.NY. 2010).  "A district court, familiar with the contours of the case appealed, has the discretion to impose a bond which reflects its determination of the likely outcome of the appeal," and the "power to impose an appeal bond . . . has been specifically given to the discretion of the district court." *Adsani v. Miller*, 139 F.3d 67, 79 (2d. Cir. 1998).

In evaluating whether to grant a motion for an appeal bond, the Court must consider the following nonexclusive factors: "(1) the appellant's financial ability to post a bond, (2) the risk that the appellant would not pay appellee's costs if the appeal loses, (3) the merits of the appeal, and (4) whether the appellant has shown any bad faith or vexatious conduct." *Baker v. Urban Outfitters, Inc.*, 2006 U.S. Dist. LEXIS 90120, *1 (S.D.N.Y. 2006); *see also Adsani,* 139 F.3d at 79; *Watson v. Sutton*, 2006 Dist. LEXIS 88415, *6-7 (S.D.N.Y. 2006); *RBFC One, LLC v. Zeeks, Inc.*, 2005 U.S. Dist. LEXIS 19148, 2-3 (S.D.N.Y. 2005).

## II.    *The Parties' Contentions*

Defendant asserts that each of these four requirements has been met.  First, Defendant argues that Plaintiff's payment of the filing fee required for the appeal demonstrates his ability to post an appeal bond. (Def.'s Mem. at 3-4.)  Next, Defendant asserts that this Court's Orders granting Defendant's summary judgment motion and denying Plaintiff's request to proceed *in forma pauperis* demonstrate that Plaintiff's claims lack merit and present no legitimate basis for

2

appeal. (*Id.*) Finally, Defendant insists that as a consequence of Plaintiff's "litigiousness" it would be forced to continue "to incur unnecessary costs, on top of the costs and fees it has already incurred" and, therefore, its request for a $3,500 appeal bond to cover printing, binding, filing, and service of its brief and appendix is "modest" and reasonable. (*Id.* at 4-5.)

In opposition, Plaintiff asserts that he "cannot afford to post a bond to cover [D]efendant's estimated costs," and any requirement that he post such a bond would hinder his ability to proceed with his appeal. (Pl.'s Opp'n at 4, 9.) Plaintiff further contends that Defendant has made no showing that Plaintiff would refuse to pay costs "if he were financially able to pay them." (*Id.* at 5.) Plaintiff vigorously disputes Defendant's conclusion that his appeal lacks merit and asserts that this Court "applied the wrong standard" when it denied his motion to proceed *in forma pauperis*. Plaintiff contends that his "appeal should be heard if he makes a rational argument on the law or the facts." (*Id.* at 5-6.) Lastly, Plaintiff maintains that since his appeal is meritorious and he has not engaged in vexatious conduct, his appeal should be construed as having been taken in good faith. (*Id.* at 8-9.)

In reply, Defendant notes that Plaintiff has not provided any affidavits or other documentation to support his claimed inability to post a bond. Rather, Plaintiff relies solely on the following statement made by his attorney: "Plaintiff submitted his financial affidavit in support of his motion to proceed on appeal in forma pauperis . . . [Plaintiff] advised me that his financial situation has not changed." (Decl. of Michael G. O'Neill, Esq., dated Nov. 11, 2010 ("O'Neill Decl.") ¶ 4.) Defendant contends that statements made by Plaintiff's attorney, without more, "fail to substantiate an inability to pay." (Reply Mem. at 2.) Defendant emphasizes that Plaintiff "failed to explicitly state that he *will* pay" Defendant's costs, and has acknowledged that he owes money to his sister and attorney. (*Id.* at 5-6 (emphasis in original).)

3

### III.     *Defendant's Motion for a Bond is Granted*

The Court finds that Plaintiff has proffered insufficient evidence of his financial inability to post a bond.  Plaintiff relies solely on the statement of his attorney that Plaintiff's financial situation has not changed since he submitted his motion for leave to proceed *in forma pauperis*. (*See* O'Neill Decl. ¶ 4.)  Unsupported statements made by attorneys "are [ ] little better than allegations in the complaint."  *LaBarbera v. Rockwala Inc.,* 2007 U.S. Dist LEXIS 99438, *10 (E.D.N.Y. Sept. 10, 2007).

Plaintiff has not, at any point in his opposition papers, clearly articulated that he would pay Defendant's costs in the event his appeal is unsuccessful. *See Tri-Star Pictures, Inc. v. Columbia Pictures Indus., Inc.*, 32 F. Supp. 2d 144, 147 (S.D.N.Y. 1999) (finding that plaintiffs "neglected to demonstrate to this Court that in the event they lose their appeal and the Second Circuit awards costs" to Defendant, any such award will not be futile; "[Plaintiffs] could have included some financial representation to attempt to satisfy [Defendant's] apprehensiveness."); *see also In re Currency Conversion Fee Antitrust Litig.*, 2010 U.S. Dist. Lexis 27605 *5 (finding that when plaintiffs failed to "come forward to guarantee payment of the costs that might be assessed against them," the "Court finds that there is a significant risk of non-payment").

Having granted Defendant's motion for summary judgment and denied Plaintiff's motion to proceed *in forma pauperis* on appeal, the Court finds that consideration of the merits of the appeal supports the imposition of a bond.  In denying Plaintiff's *in forma pauperis* motion, the Court found:

> After careful review, and for the reasons states in the Court's March 26, 2010 Memorandum and Order, the *Court finds that Plaintiff's claims lack merit* and that there is no substantial question for review. Accordingly, the Court certifies that *any appeal would not be taken in good faith* . . . .

(Aug. 4, 2010 Mem. & Order (emphasis added).)[1]

Having considered the above factors, together with the argument of the parties, the Court finds that Plaintiff shall be required to post a bond pursuant to Federal Rule of Appellate Procedure 7.

## IV.     *The Amount of the Bond is Set at $3,500*

The amount of a Rule 7 appeal bond may include "taxable costs … such as photocopying, printing, binding, filing, and service as well as the cost of the preparation and transmission of the record." *In re: Initial Pub. Offering Sec. Litig.*, 721 F. Supp. 2d 210, 213 (S.D.N.Y. 2010). Defendant submitted an estimate of itemized expenses it expects to incur when preparing the brief and appendix. (*See* Decl. of Scott B. Gilly, Esq., dated Oct. 26, 2010 ("Gilly Decl.") Exs. E & F.) The requested amount of $3,500 includes estimated expenses related to printing, binding, filing, and service of Defendant's brief and the Joint Appendix. (Def.'s Mem. at 4-5; Gilly Decl. ¶¶ 6,7.)

On February 14, 2011, the Second Circuit "So Ordered" the parties' stipulation to file a deferred appendix pursuant to Rule 30(c). Nevertheless, the provisions of Rule 30(b) still apply to determine which party bears the costs of producing the Joint Appendix. *See* Fed. R. App. P. 30(c)(1). Rule 30(b) provides that, "[u]nless the parties agree otherwise, the appellant must pay the cost of the appendix." Fed. R. App. P. 30(b)(2). If, however, the appellant "considers parts of the record designated by the appellee to be unnecessary," the appellee is required to "advance the cost of including these parts." *Id.* Defendant's counsel has asserted that, based on

---

[1]     The Court notes that Plaintiff's argument that his "appeal should be heard if he makes a rational argument on the law or the facts," is based on legal precedent pertaining to appeals in criminal cases. (See Pl.'s Opp'n at 5-6 (citing *Coppedge v. United States*, 369 U.S. 438, 448 (1962)).)

conversations had with Plaintiff's counsel, he has reason to believe that Plaintiff "will refuse designation of DHL's reasonably designated parts of the record . . . resulting in DHL having to advance those costs subject to taxation at the conclusion of the appeal . . . ." (Dec. 19, 2010 Letter, Docket No. 95.)

Having considered the parties' arguments, the Court finds in its discretion that Defendant's request for a bond in the amount of $3,500 is appropriate.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that, on or before April 22, 2011, Plaintiff Dino Paladino shall post a bond, pursuant to Rule 7 of the Federal Rules of Appellate Procedure, in the amount of Three Thousand Five Hundred ($3,500.00) to ensure payment of costs on appeal.

**SO ORDERED.**

Dated: Central Islip, New York
      April 8, 2011                                                   /s/
                                                                 Denis R. Hurley
                                                                 Unites States District Judge