UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------
| | |
|---|---|
| Dino Paladino, | ] |
| | ] |
| Plaintiffs, | ] |
| | ] |
| - against - | ] CV-07-1579 (DRH)(ARL) |
| | ] |
| DHL Express (USA), Inc. and International Brotherhood | ] |
| Of Teamsters Air Freight Chauffers, Handlers, | ] |
| Warehousemen Allied Workers Union No. 295, | ] |
| | ] |
| Defendants. | ] |

------------------------------------------------

# Memorandum of Law In Support of Plaintiff's Motion for Reconsideration, Reargument and For Leave To File Supplement Opposition

Of Counsel:

Michael G. O'Neill

## Table of Contents

Table of Contents ................................................................................................................2

Authorities Cited ................................................................................................................3

Argument ............................................................................................................................4
      The Applicable Law...............................................................................................4
    1.   The Court Erred In Failing To Take Plaintiff's Inability To Pay Into
        Consideration. ...............................................................................................4
    2.   The Court Erred in Shifting The Burden To Plaintiff To Show that He Would
        Pay Defendant's Costs If The Appeal Fails. .................................................5
    3.   The Court Erred in Relying on The Speculation of Defendant's Attorney. .............5
    4.   Plaintiff's Brief On Appeal Has Been Filed, Thus Providing Information That
        Was Previously Unavailable To The Court .................................................6

Conclusion ..........................................................................................................................6

## Authorities Cited

**Cases**

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245 (2d Cir.1992) ............................. 4

# Argument

### *The Applicable Law*

Local Rule 6.3 Provides that a motion for reconsideration or reargument shall be supported by a "memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked."

Reconsideration allows a court to correct a clear error, prevent manifest injustice, or take newly available evidence into account. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992).

### *1. The Court Erred In Failing To Take Plaintiff's Inability To Pay Into Consideration.*

In its decision and order, the Court wrote that "Plaintiff relies solely on the statement of his attorney that Plaintiff's financial situation has not changed since he submitted his motion for leave to proceed in forma pauperis." As a result, the Court determined that plaintiff failed to provide sufficient evidence of his inability to post the bond for costs. The Court overlooked two matters in the record.

First, plaintiff's statement as to his financial condition was annexed to defendant's moving papers. It was dated as of May, 2010, merely six months before defendant's filed their motion. Even discounting the declaration of plaintiff's attorney that plaintiff's financial condition had not changed, plaintiff's own statement, made on personal knowledge, still had evidentiary value in its own right. Six months is a short time. Plaintiff is on social security

4

disability.  There is really no likelihood that plaintiff's financial condition would change in such a short time under the circumstances.

Second, plaintiff's attorney certainly has personal knowledge of the fact that plaintiff has not funded this lawsuit.  Plaintiff's attorney was competent to inform the Court that plaintiff has been unable even to pay his own costs and expenses, as well as the source of the money to pay the appellate filing fee.  The Court should have given credit to this information.

### 2. The Court Erred in Shifting The Burden To Plaintiff To Show that He Would Pay Defendant's Costs If The Appeal Fails.

Defendant brought this motion and has the burden of proof on it.  The Court should not have shifted the burden to plaintiff to show that he could or would pay the costs of appeal.

### 3. The Court Erred in Relying on The Speculation of Defendant's Attorney.

In determining the amount of the bond, the Court relied on the speculation of defendant's attorney that plaintiff would reject defendant's designation of the parts of the record to be included in the appendix.  Defendant's attorney's statement to the Court was wholly conclusory and consisted of nothing more than his own unsupported belief as to the future conduct of plaintiff's attorney.  Counsel's belief was purportedly based on "conversations" with plaintiff's counsel, but counsel's statement did not state what those conversations were or why they led him to his belief.  The Court applied a double standard in accepting the belief of defendant's attorney but rejecting more concrete and reliable information submitted by plaintiff's attorney as to plaintiff's financial situation.

Furthermore, the belief of defendant's counsel in December, 2010, would be irrelevant to the appendix to be filed, because (a) the parties have stipulated to the deferred appendix method

5

and (b) plaintiff has filed his brief, and defendant's counsel in December, 2010 would not have any knowledge of the scope of plaintiff's brief filed in February, 2011.

### 4.   Plaintiff's Brief On Appeal Has Been Filed, Thus Providing Information That Was Previously Unavailable To The Court

Plaintiff's Brief on Appeal was filed on February 14, 2011.[1]  As the Court noted in its decision, the Court of Appeals has granted leave to file a deferred appendix.  Thus, based on plaintiff's brief, a reasonable estimate of the size of the appendix can be made.  Plaintiff asserts and requests the opportunity to provide additional submissions to the Court showing that (a) the scope of plaintiff's appeal has been significantly narrowed and (b) defendant's estimate of the size (and cost) of the (now deferred) appendix bears no relation to the present reality of this appeal.

## Conclusion

Plaintiff respectfully submits that his motion should be granted infull.

Dated: New York, New York
       April 22, 2011

                                        MICHAEL G. O'NEILL
                                        (MO3957)

                                        *[signature]*

                                        _____
                                        Attorney for Plaintiff
                                        30 Vesey Street, Third Floor
                                        New York, New York 10007
                                        (212) 581-0990

---

[1] This is a matter of public record and plaintiff asks the Court to take judicial notice of the same.